IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

SOUTHTOWN SUB, LLC

v.

NAGGORI, INC. D/B/A BEST SOUTHTOWN
GYROS AND MUNIR HUSSAIN

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The Plaintiff, SOUTHTOWN SUB, LLC, by and through its undersigned counsel, TRIVEDI & KHAN, P.C. hereby file this, its Complaint against the Defendants, NAGGORI, INC. D/B/A BEST SOUTHTOWN GYROS (hereinafter referred to as NAGGORI) and MUNIR HUSSAIN (hereinafter referred to as HUSSAIN), and alleges as follows:

**Jurisdictional Allegations**

1. This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin/unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over the Defendants because NAGGORI INC. D/B/A BEST SOUTHTOWN GYROS is incorporated in and has its principal place of business in Illinois, MUNIR HUSSAIN resides in Illinois, and the Defendants regularly conduct and solicit business in the State of Illinois (including in this Judicial District).

**Venue**

4. Venue is proper in this district under 28 U.S.C. § 1391(b), as the Defendants reside in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants are subject to personal jurisdiction in this Judicial District with respect to this action, and there is no other district in which the action may otherwise be brought.

## Parties

5. Southtown Sub, LLC is the trademark owner that used to have its principal place of business at 240 E. 35th Street, Chicago, Illinois 60653 and is currently located at <u>112 E. 71st Street, Chicago, IL. 60619</u>. Southtown Sub, LLC is the registered owner of the "SOUTHTOWN SUB" trademark.

6. Naggori, Inc. d/b/a Best Southtown Gyros's current principal place of business is at 240 E . 35th Street, Chicago, Illinois 60653.

7. Munir Hussain is the current president and registered agent for Naggori, Inc. d/b/a Best Southtown Gyros. Hussain currently lives at 6046 N. Francisco Ave, Unit 2E, Chicago, Illinois 60659.

## Facts Common to All Counts

8. Southtown Sub, LLC has been selling submarine sandwiches and related items such as burgers, gyros, hotdogs, and other similar prepared foods under the Southtown Sub mark since at least July 1994 and has been selling such items in interstate commerce under this mark since at least July 2005.

9. Southtown Sub, LLC filed a trademark application, U.S. Trademark Application Serial No. 90-294,103 for the SOUTHTOWN SUB mark, which was granted and registered on May 24, 2022 under Reg. No. 6,740,509.

10. The SOUTHTOWN SUB name and logo are well known to customers in the area since at least July 2005. Said customers are typically interested in purchasing the prepared foods sold by Southtown Sub. These marks have long been associated with Southtown Sub, LLC by consumers and have significant goodwill associated therewith.

11. Naggori started operating a restaurant under the name of BEST SOUTHTOWN GYROS at the same location, 240 E 35th Street, where Southtown Sub, LLC originally operated. In addition, Hussain has been informing customers that he is related to the owner ofSouthtown Sub and that BEST SOUTHTOWN GYROS is the "**same**" as SOUTHTOWN SUB.

12. The current U.S. marketplace is saturated with people and companies claiming their products are the same as or identical to well known and well established products. The former are counterfeit products. The Plaintiff has been forced to scrupulously enforce its rights in order to protect its SOUTHTOWN SUB mark against infringement by Naggori's counterfeit products. By exercising its enforcement rights, Southtown Sub, LLC is proactively and successfully policing the unauthorized use of the SOUTHTOWN SUB mark.

### Defendants' Counterfeiting and Infringing Activities

13. The Defendants have, without consent of the Plaintiff, offered to sell within the United States, including within this judicial district, food products that were neither made by the Plaintiffs nor by a manufacturer authorized by the Plaintiffs (hereinafter the "Counterfeit Goods").

14. Naggori engaged in unauthorized use of the brand name SOUTHTOWN SUB by informing customers that the food products sold by Naggori under the BEST SOUTHTOWN GYROS mark were from the same source or origin as the SOUTHTOWN SUB products.

Naggori's offer for sale of Counterfeit Goods in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

15. Hussain authorized, directed, and/or participated in Naggori's offer for sale in commerce of Counterfeit Goods. Hussain was a moving, active and/or conscious force behind the infringement of the SOUTHTOWN SUB mark.

16. Neither the Plaintiff nor any authorized agents of the Plaintiff consented to the Defendants' use of the SOUTHTOWN SUB mark or its name.

17. The Defendants' infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods offered for sale by the Defendants, and are likely to deceive the relevant consuming public into mistakenly believing that the Counterfeit Goods offered for sale by Naggori originate from, are associated or affiliated with, or are otherwise authorized by Southtown Sub, LLC.

18. Defendants' acts are willful, and are based on a deliberate intent to trade on the goodwill associated with the SOUTHTOWN SUB mark, cause confusion and deception in the marketplace, and divert potential sales of authentic SOUTHTOWN SUB food products to Naggori. At a minimum, Naggori was intentionally blind to the likelihood of confusion.

19. Defendants actively, knowingly, and intentionally adopted the BEST SOUTHTOWN GYROS mark with the intent to trade on the goodwill associated with the SOUTHTOWN SUB marks, cause confusion and deception in the marketplace, and divert potential sales of authentic SOUTHTOWN SUB products to the Defendants.

20. Defendants' acts and representations were a moving, active, and conscious force behind Defendants' infringement of the SOUTHTOWN SUB marks.

21. HUSSAIN personally engaged in tortious conduct within the State of Illinois.

4

22. The Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to the Plaintiff, the SOUTHTOWN SUB mark, and to the Plaintiff's valuable reputation and goodwill with the consuming public for which the Plaintiff has no adequate remedy at law.

23. As a proximate result of the unfair advantage accruing to the Defendants' business from deceptively trading on the Plaintiffs' reputation among the consuming public, the Defendants have made and will continue to make substantial profits and gains to which they are not entitled.

24. The injuries and damages sustained by the Plaintiff have been directly and proximately caused by Naggori's wrongful offers for sale, authorized by Hussain, of Defendants' goods that infringe the SOUTHTOWN SUB mark.

25. Defendants' offer for sale of Counterfeit Goods while trading upon the reputation and goodwill associated with the SOUTHTOWN SUB marks has resulted in lost business opportunities, customers, contracts, and sales for the Plaintiff.

26. Through its business activities, Defendants purposefully derived direct benefits from its activities by targeting foreseeable purchasers in the State of Illinois, and in doing so, have knowingly harmed the Plaintiff.

27. By their wrongful conduct, Defendants have traded upon and diminished the goodwill of the SOUTHTOWN SUB mark. Furthermore, the offer for sale of Counterfeit Goods by Naggori, authorized by Hussain, has infringed upon the above-identified federally registered trademark.

28. By the actions of Hussain claiming to be related to Southtown Sub's owner and claiming that Naggori's company is "the same" as Southtown Sub, Defendants have created a false affiliation between the Defendants and the Plaintiff, and between the Defendants and the SOUTHTOWN SUB marks.

29. Due to the actions of the Defendants, the Plaintiff has been forced to retain the undersigned counsel, and the Defendants are responsible for paying its reasonable costs related to this action.

30. The Defendants' acts have damaged, and will continue to damage, the Plaintiff, and the Plaintiff has no adequate remedy at law.

31. The Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, the Defendants must be restrained and enjoined from any further counterfeiting or infringement of the SOUTHTOWN SUB marks.

## COUNT ONE

### FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT UNDER 15 U.S.C. § 1114

32. The Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Southtown Sub, LLC is the owner of the federally registered SOUTHTOWN SUB mark.

34. The SOUTHTOWN SUB mark is a valid, protectable, and distinctive trademark that Southtown Sub, LLC has continuously used to promote its goods for nearly three decades. The relevant purchasing public recognizes the SOUTHTOWN SUB mark as originating from and/or approved by Southtown Sub, LLC.

35. The Defendants, without authorization from the Plaintiffs, have claimed to be related to the owner of Southtown Sub, LLC and that their restaurant is "the same" as the restaurant previously operated by Southtown Sub, LLC at the same location as Defendants are currently operating their restaurant.

36. The Defendants' unauthorized representations that the counterfeit marks are related to the registered SOUTHTOWN SUB mark, and Naggori's offers for sale in commerce, under the

authorization, direction, and/or participation of Hussain of the Counterfeit Goods, is likely to cause confusion or mistake in the minds of the public and, in particular tends to, and does, falsely create the impression that the food products offered for sale by Naggori originated with and/or are authorized, sponsored, or approved by Southtown Sub, LLC when, in fact, they are not.

37. The Defendants' unauthorized representations that the BEST SOUTHTOWN GYROS mark is related to SOUTHTOWN SUB as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that the food products produced by Naggori and offered for sale by Naggori are the same as SOUTHTOWN SUB food products, that the food products offered for sale by Naggori are otherwise authorized, sponsored, or approved by Southtown Sub, LLC, or that the Defendants are affiliated, connected, or associated with or in some way related to Southtown Sub, LLC, and (c) result in the Defendants' unfairly benefitting from the Plaintiffs' advertising and promotion, and profiting from the reputation of the Plaintiffs and the substantial goodwill associated with the SOUTHTOWN SUB mark.

38. Naggori's conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of Naggori with the Plaintiff and/or the SOUTHTOWN SUB mark.

39. Hussain actively, knowingly, and intentionally represented that his company was related to the SOUTHTOWN SUB mark with the intent to trade on the goodwill associated with the SOUTHTOWN SUB mark, cause confusion and deception in the marketplace, and divert potential sales of authentic food products to the Defendants.

40. Hussain's acts were a moving, active, and conscious force behind Naggori's infringement of the SOUTHTOWN SUB marks.

41. Hussain personally engaged in tortious conduct within the State of Illinois.

42. The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. The Defendants' actions constitute the use by the Defendants of one or more "counterfeit marks" as defined in 15 U.S.C. § 1116(d)(1)(B).

44. The Defendants' representations in commerce of Hussain's alleged relationship with Southtown Sub, LLC and its owner have resulted in lost profits for the Plaintiff which are difficult to determine, caused considerable damage to the Plaintiff and to the goodwill associated with the SOUTHTOWN SUB mark, and diminished the brand recognition of the SOUTHTOWN SUB mark by introducing counterfeit products into the marketplace.

45. By reason of the foregoing, the Plaintiffs are entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION 15 U.S.C. § 1125(A)

46. The Plaintiffs repeat and reallege paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Southtown Sub, LLC is the owner of the federally registered SOUTHTOWN SUB mark.

48. The SOUTHTOWN SUB mark is a valid, protectable, and distinctive trademark that Southtown Sub, LLC has continuously used to promote its goods for nearly three decades. The relevant purchasing public recognizes the SOUTHTOWN SUB mark as originating from and/or approved by Southtown Sub, LLC.

49. The Defendants, without authorization from the Plaintiffs, have claimed to be related to the owner of Southtown Sub, LLC and that their restaurant is "the same" as Southtown Sub, LLC.

50. The Defendants' unauthorized representations that the counterfeit marks are related to the registered SOUTHTOWN SUB mark, and Naggori's offers for sale in commerce, under the authorization, direction, and/or participation of Hussain, is likely to cause confusion or mistake in the minds of the public and, in particular tends to, and does, falsely create the impression that the food products offered for sale by Naggori originated with or are authorized, sponsored, or approved by Southtown Sub, LLC when, in fact, they are not.

51. The Defendants' unauthorized representations in commerce of alleged association with the SOUTHTOWN SUB mark aconstitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Naggori's conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of Naggori with the Plaintiff or the SOUTHTOWN SUB mark.

53. Hussain actively, knowingly, and intentionally misrepresented the relationship between BEST SOUTHTOWN GYROS and the SOUTHTOWN SUB mark with the intent to trade on the goodwill associated with the SOUTHTOWN SUB mark, cause confusion and deception in the marketplace, and divert potential sales of authentic SOUTHTOWN SUB food products to Defendants.

54. Hussain's acts were a moving, active, and conscious force behind Naggori's infringement.

55. Hussain personally engaged in tortious conduct within the State of Illinois.

56. The Defendants' representations as alleged herein are causing immediate and irreparable harm and injury to the Plaintiff, and to the goodwill associated with the SOUTHTOWN SUB mark, and will continue to both damage the Plaintiff and confuse the public unless enjoined by this Court. The Plaintiff has no adequate remedy at law.

57. By reason of the foregoing, the Plaintiffs are entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, SOUTHTOWN SUB, LLC respectfully requests the following relief against the Defendants as follows:

1. With regard to Plaintiffs' claim for trademark infringement:

    a. Statutory damages under 15 U.S.C.§ 1117(c) in an amount to be determined at trial;

    b. Costs of suit;

    c. Joint and several liability for Hussain and other officers and directors of Naggori for knowing participation in the counterfeiting activities of Naggori;

2. With regard to Plaintiffs' claim for false designation and unfair competition:

    a. Statutory damages under 15 U.S.C. .§ 1117(c) in an amount to be determined at trial;

    b. Costs of suit;

    c. Joint and several liability for Hussain and other officers and directors of Naggori, for the knowing participation in the counterfeiting activities of Naggori;

3. Preliminarily and permanently enjoining Naggori and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

    a. Representing that the owner of Naggori is related to the owner of Southtown Sub, LLC and representing to the public that Naggori's restaurant is "the same" as Southtown Sub.

4. Pursuant 15 U.S.C. § 1116(a) directing Naggori to file with the Court and serve on the Plaintiff, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Naggori has complied with the injunction.

5. An order from the Court requiring that Naggori provide complete accountings and, for equitable relief, that Naggori disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that would have been paid to Southtown Sub, LLC if Naggori had complied with its legal obligations, or otherwise as equity requires;

6. An order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in Naggori's possession, which rightfully belong to the Plaintiff;

7. For treble damages suffered by the Plaintiff as a result of the willful and intentional infringements engaged in by Naggori, under 15 U.S.C. § 1117(b);

8. For all costs of suit;

9. For such other and further relief as the Court may deem just and equitable.

DATE:  July 29, 2022                                         Respectfully submitted,

                                                                       SOUTHTOWN SUB, LLC


                                                                       */s/Zubair Khan*
                                                                       One of its attornesy

Zubair Khan
Vani Vedam
TRIVEDI & KHAN, P.C.
Firm ID: 238765
300 N Martingale Road, Suite 725
Schaumburg, IL 60173
(224) 353-6356
service@trivedikhan.com